UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                                              ORDER

ANTON MORRISHOW,                           23-CR-165 (CS)

                    Defendant.
--------------------------------------------------------x

Seibel, J.

       This matter is before me as the result of the remand by the Second Circuit, which: 1) directed me to explain how the electronic search condition I imposed at sentencing reasonably relates to the 18 U.S.C. § 3553(a) factors; and 2) suggested that I do the same in connection with the community service condition. (ECF No. 37.)  The parties have agreed that these explanations may be done in writing without a personal appearance.  (ECF No. 46.)  Familiarity with prior proceedings in the case and with the parties' post-remand submissions, (ECF Nos. 38, 43, 44), is presumed.

       With respect to the electronic search condition, the Government points to out-of-Circuit decisions approving imposition of an electronic search condition even where the underlying offense did not involve the use of an electronic device.  (ECF No. 39 at 5 (citing *United States v. Ray*, No. 23-5687, 2024 WL 712363, at *3 (6th Cir. Feb. 21, 2024); *United States v. Taylor*, 997 F.3d 1348, 1353 (11th Cir. 2021)*; United States v. Bare*, 806 F.3d 1011, 1019 (9th Cir. 2015); *United States v. Sandford*, 583 F. App'x 426, 427 (5th Cir. 2014 (per curiam)).  Until recently, I would have doubted that the Second Circuit would agree that general considerations of deterrence or a record of recidivism suffice to justify a such a condition where the underlying offense did not involve an electronic device.  *See United States v. Meadows*, No. 22-3155-CR, 2025 WL

786380, at *5 (2d Cir. Mar. 12, 2025) (summary order) (record of gun possession is self-evident reason for condition permitting search of places where gun could be found, but record did not support searches of papers and electronic devices as related to offense of conviction or in furtherance of deterrence or protection of the public).  And although there is commonsense appeal to the Government's position that a robber like Defendant in all likelihood used his cellphone to communicate with his accomplices and plan the robbery, (ECF No. 39 at 4), Defendant points out that the Government made the same argument in Meadows without success, *see* ECF No. 44 at 2, and I am dubious that the Circuit would find that sufficient in the absence of evidence to support those generalizations.  But recently the Circuit upheld an electronic search condition as self-evidently supported by the record, even though the offense did not involve electronics, where the defendant had a lengthy criminal record, including while under supervision, and had been dishonest with law enforcement.  *See United States v. Robinson*, No. 23-8022-CR, 2025 WL 1096153, at *5 (2d Cir. Apr. 14, 2025).  The Court found the electronic search condition "necessary for ensuring the effectiveness of supervision." *Id.*

I need not decide where Defendant Morrishow falls on the spectrum between *Meadows* and *Robinson*, because the Circuit has already found that the reason for the electronic search condition here is not self-evident.  Nor need I determine the precise contours of a proper electronic search condition where there is no evidence that the underlying offense involved electronic communication.  That is because here there is such evidence.  Right after law enforcement came looking for Defendant at his apartment but failed to find him, he got rid of his cellphone and got a new one.  (ECF No. 29 ¶ 19(c).)  It is thus not speculation that Defendant's cellphone contained incriminating information; it is a very, and perhaps the only, reasonable

2

inference from his conduct. Thus there is every reason to believe Defendant did use the phone in connection with the offense of conviction or others. Accordingly, the electronic search condition is appropriate to deter future offenses and protect the public. I decline to limit the condition to reasonable suspicion of new crime, as a search based on reasonable suspicion of a violation of a condition of release – for example, communicating with persons engaged in criminal activity – would further deterrence and protection of the public. But I will, as the parties agree, require not only reasonable suspicion of a violation of a condition of supervision or unlawful conduct, but also reasonable suspicion that the areas to be searched contain evidence of the violation or unlawful conduct. That restriction should ensure that the imposition on Defendant's privacy is no greater than reasonably necessary to accomplish those goals. *See United States v. Sims*, 92 F.4th 115, 125 (2d Cir. 2024).

With respect to community service, encouraging employment will be critical to Defendant's future, given his minimal and spotty history of legitimate employment. Requiring community service if he is not employed will encourage Defendant to get a paying job – after all, if he is going to work, he might as well get paid for it – which in turn reduces the chances he will support himself by criminal activity. Moreover, community service will occupy Defendant's time with productive, pro-social activity; build up skills (such as punctuality) necessary for employment; and teach the rewards of helping others. I understand, as Defendant argues, that he will have other obligations while on supervision, but twenty hours of community service per week will leave him plenty of time for those obligations, especially compared to the alternative of thirty hours of an actual job. Moreover, the community service condition only applies if Defendant is neither employed nor excused from employment, and Probation will have the

discretion to excuse him from employment if he is spending his time on other worthwhile activities such as job training. Further, should Defendant approach 400 hours of community service, he or Probation can petition the Court to excuse him for further hours.

The Court will enter an Amended Judgment setting forth the search condition as follows:

You must submit to a search of your person, property, residence, office, vehicle, papers, computers (as defined by 18 U.S.C. § 1030(e)(1)), cell phones, and other devices or media used for electronic communications, data storage, cloud storage, or network storage. The probation officer may conduct a search under this condition only when there is reasonable suspicion that you have violated a condition of your supervision or committed a new crime, and that the areas to be searched contain evidence of this violation or crime. The search must be conducted by a United States Probation Officer, although other law enforcement officers may assist the probation officer. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

Dated: May 5, 2025
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.